IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01728-REB-MJW

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**WATER SUPPLY AND STORAGE COMPANY and
GRAND RIVER DITCH,**

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of proprietary or confidential commercial, business or financial information, IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" is information that is confidential and

-1-

which implicates the privacy, proprietary, and confidential commercial, business or financial interests of a party. Information designated by a party as "CONFIDENTIAL" must first be reviewed by a lawyer and the designation must be based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.  Signatories and their counsel who obtain information designated as CONFIDENTIAL hereunder, and any nonparty subject to this Stipulated Protective Order, shall not disclose or permit disclosure of this information to any other person (including without limitation any officer, director, employee, agent, or representative of the signatory, or their counsel, or any nonparty) except that such information may be disclosed to

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the

conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person the signed written acknowledgment attached hereto as Exhibit A, stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL BUSINESS INFORMATION" conspicuously on the first page of the document and on any subsequent page that contains the confidential information. The designation should be made in a manner that will not interfere with the documents' legibility.

7. Any person who obtains access to the information designated as CONFIDENTIAL under this Stipulated Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for the purpose of preparation for litigation of this matter. All copies, duplicates, extracts, summaries, or descriptions shall be subject to the terms of this Stipulated Protective Order to the same extent and manner as original documents.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. In the event any material designated CONFIDENTIAL is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Documents filed with the Court that contain any CONFIDENTIAL information shall be filed under seal in the manner provided for in D.C.COLO.LCivR 7.2 and 7.3." Copies of such documents served on counsel for other parties shall be marked as CONFIDENTIAL.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received (or such longer period as the parties may agree to in writing), it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Any unauthorized disclosure of information designated as confidential under this Stipulated Protective Order shall not result in a waiver of any submitter's claim of confidentiality.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE THIS 8TH DAY OF March, 2007.

BY THE COURT:

U.S. MAGISTRATE JUDGE
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01728-REB-MJW

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**WATER SUPPLY AND STORAGE COMPANY and**
**GRAND RIVER DITCH,**

Defendants.

---

**ACKNOWLEDGMENT RE: STIPULATED PROTECTIVE ORDER**

---

The undersigned _____ hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the above captioned case pending before the Federal District Court for the District of Colorado, has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the Federal District Court for the District of Colorado for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof. Dated:

_____
[Signature]

_____

_____
[Address]

-1-