IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No. 06-cv-01728-REB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WATER SUPPLY AND STORAGE COMPANY, in personam, and
GRAND RIVER DITCH, in rem,

    Defendants..

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND
MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

**Blackburn, J.**

This matter is before me on the following motions: 1) the **United States' Motion for Partial Summary Judgment on Liability and Defendant's Third, Fourth, and Fifth Defenses To All Claims** [#61], filed December 31, 2007; and 2) **Defendant's Motion To Dismiss the *In Rem* Claim Asserted Against the Grand River Ditch for Failure To Join Indispensable Parties** [#85], filed April 10, 2008. The defendant filed a response [#68] to the motion for summary judgment, and the plaintiff filed a reply [#75]. The plaintiff filed a response [#97] to the motion to dismiss. I grant the motion for summary judgment in part, and deny it in part, and I deny the motion to dismiss the *in rem* claim for failure to join indispensable parties.

### I. JURISDICTION

I have jurisdiction over the plaintiff's claims under 16 U.S.C. § 19jj-2, part of the Park System Resource Protection Act (PSRPA), and under 28 U.S.C. §§ 1331 (federal

question) and 1345 (United States as plaintiff).

## II.  MOTION FOR SUMMARY JUDGMENT

I have reviewed carefully the parties' briefs related to the motion for summary judgment.  Defendant Water Supply and Storage Company concedes in its response to the motion that its fourth defense to the United States' claim under the Park System Resource Protection Act is not viable given the evidence established in this case.  This defense is based on the allegation that the injury at issue was caused solely by an act or omission of a third party.  16 U.S.C. § 19jj-1(c)(2).  Given this concession by defendant Water Supply and Storage Company, I grant the United States' motion for summary judgment as to this defense.

With regard to the other issues raised in the motion for summary judgment, I find that there are one or more genuine issues of material fact concerning certain issues addressed in the motion for summary judgment.  Even if I assume *arguendo* that the United States may be entitled to judgment on some of the issues addressed in the motion, it is not mandatory that I grant partial summary judgment on such claims or issues.  **See *Powell v. Radkins***,  506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment).  The United States' claims are interrelated and they present concatenated issues of fact and law.  The piecemeal resolution of the issues raised in the motion for summary judgment will not simplify significantly or extenuate the evidence at trial.

## III.  MOTION TO DISMISS

Generally based on the reasons stated, arguments advanced, and authorities

cited by the United States in its response [#97], filed April 30, 2008, I deny the **Defendant's motion To Dismiss the *In Rem* Claim Asserted Against the Grand River Ditch for Failure To Join Indispensable Parties** [#85], filed April 10, 2008. To the extent necessary, I will enter a supplemental order addressing this motion to detail the standard of review and to summarize my analysis and ultimate conclusion on the issues presented in this motion.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States' Motion for Partial Summary Judgment on Liability and Defendant's Third, Fourth, and Fifth Defenses To All Claims** [#61], filed December 31, 2007, is **GRANTED** as to Water Supply and Storage Company's fourth defense, a defense under 16 U.S.C. § 19jj-1(c)(2), alleging the injury at issue was caused solely by an act or omission of a third party;

2. That the **United States' Motion for Partial Summary Judgment on Liability and Defendant's Third, Fourth, and Fifth Defenses To All Claims** [#61], filed December 31, 2007, is **DENIED** otherwise; and

3. That the **Defendant's motion To Dismiss the *In Rem* Claim Asserted Against the Grand River Ditch for Failure To Join Indispensable Parties** [#85], filed April 10, 2008, is **DENIED**.

Dated May 1, 2008, at Denver, Colorado.

                                                     **BY THE COURT:**

                                                   **s/ Robert E. Blackburn**
                                                   **Robert E. Blackburn**
                                                   **United States District Judge**